OPINION
Defendant-appellant, Frank M. Loring, appeals from the judgment of the Franklin County Court of Common Pleas sentencing him to the maximum sentence of imprisonment following his plea of guilty and conviction for one count of endangering children. For the reasons that follow, we affirm.
On April 14, 2000, the Franklin County Grand Jury returned an indictment charging appellant with three counts of endangering children in violation of R.C. 2919.22. The charges arose out of allegations that appellant and his girlfriend, Karla Haynor, had endangered Karla's ten-year-old daughter by administering excessive and cruel corporal punishment on an unspecified number of occasions between June 1998 and August 1999. Specifically, appellant used an electric cattle prod, referred to as "Mr. Shocky," to shock the child.
On June 27, 2000, appellant entered a guilty plea to Count 2 of the indictment, a third degree felony. The trial judge ordered a presentence investigation report and scheduled the matter for sentencing.
On August 18, 2000, the trial court conducted a sentencing hearing. The prosecutor did not request that the trial court sentence appellant to the maximum term. Counsel for appellant requested some leniency as appellant was remorseful, had been drinking during the incidents, had since become involved with AA and had taken steps to obtain full-time employment. Following that hearing, appellant was sentenced to a five-year term of imprisonment, the maximum term allowed by statute.
On appeal, appellant assigns as error the following:
 The trial court erred in sentencing the defendant to the maximum term of imprisonment in violation of Section 2914 (C) of the Ohio Revised Code thereby entitling the defendant to a reduction of such sentence pursuant to Section 2953.08 (G) of the Ohio Revised Code.
Appellant contends that the trial court abused its discretion, as it did not find that appellant posed the "greatest likelihood" of reoffending, nor did he commit the worst form of child endangering. Specifically, appellant argues the victim did not require hospitalization, emergency room visits, or urgent care treatment as a result of being shocked with a cattle prod.
Under R.C. 2929.14(C), a trial court may impose a maximum sentence for a single offense only upon an offender who committed the worst form of the offense; upon an offender who poses the greatest likelihood of committing future crimes; upon certain major drug offenders; and upon certain repeat violent offenders. Under R.C. 2929.19(B)(2)(d), a trial court is required to make findings that the offender meets one or more of the criteria set forth in R.C. 2929.14(C) and is required to provide an explanation to support its findings regarding the R.C. 2929.14(C) criteria. State v. Edmonson (1999), 86 Ohio St.3d 324 326; see, generally, State v. Zwiebel (Aug. 29, 2000), Franklin App. No. 00AP-61, unreported. An appellate court may reverse a sentence if it finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. R.C. 2953.09(G)(1)(a) and (d).
R.C. 2929.12(B) sets forth factors indicating that the offender's conduct is "more serious than conduct normally constituting the offense." Those factors are:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
Division (D) sets forth recidivism factors indicative of those offenders "who pose the greatest likelihood of committing future crimes" as follows:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, * * * or under post-release control * * * for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense.
In reviewing the record before us, we observe that the trial court did state on the record why it felt that appellant had committed the worst form of the offense. While the trial court stated there were four factors indicating recidivism is likely, the trial court never specifically made a finding that appellant posed the greatest likelihood of committing future crimes. In stating its reasons for imposing sentence, the trial court found that appellant was on probation for theft at the time the instant offense occurred, that he had a prior domestic violence charge that had been reduced to a minor misdemeanor, and convictions for disorderly conduct, and misconduct in an emergency room. (Tr. 10-12.) The trial court found a lack of remorse in that, when appellant talked to the probation department, appellant stated that he was playing with the victim. The trial court also took note of the use of alcohol in connection with the offense, and that the victim suffered several marks upon her body from the use of the cattle prod. The trial court found the offense, shocking a young child with an electric cattle prod, to be "a most repulsive, serious offense without question. I think it is as serious of a child endangering case I have seen in recent years." (Tr. 14-15.)
The trial court's remarks demonstrate that he did consider the facts underlying his conclusion that appellant committed the worst form of the offense, and that the trial court's comments on the record did sufficiently comply with R.C. 2929.12 et seq. We find no abuse of discretion in the decision to impose the maximum sentence. The assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 ___________________ LAZARUS, J.
TYACK and BROWN, JJ., concur.